STEVEN S. DEYOUNG *vs.* COUNTY COMMISSIONERS OF BARNSTABLE (and a companion case[1]). April 9, 1985. *County,* Commissioners. *Courthouse.*

These cases, consolidated for trial and for appeal, concern the plaintiffs' challenges to a vote of the county commissioners (commissioners) to implement a parking fee plan at the Barnstable County courthouse complex. A judge of the Superior Court ruled that the commissioners exceeded their authority in establishing the parking plan because the parking fee arrangement was designed to generate revenue not directly related to the commissioners' right to regulate and control parking and traffic on county property. The commissioners have appealed from a judgment, consistent with the judge's ruling, enjoining them from implementing the proposed "pay for parking" plan. We allowed the commissioners' application for direct appellate review. We dismiss the appeal as moot.

It is uncontroverted that on January 30, 1985, the county commissioners executed a lease of the parking spaces to the judicial branch, acting through the Chief Administrative Justice of the Trial Court of the Commonwealth, for a one-year term, ending June 30, 1985. In October, 1984, after the trial below in January, 1984, the commissioners executed a similar lease covering the year July 1, 1983 through June 30, 1984. The "pay-for-parking" plan has never been implemented and may not be implemented now because of the commissioners' lease of the parking area to the Chief Administrative Justice, acting on behalf of the judicial branch. Under G. L. c. 29A, § 4, the judicial branch must rent from the county "suitable quarters and space" occupied by the judicial branch, and the county has no right to decline to lease such space. See *Commonwealth* v. *County of Suffolk,* 383 Mass. 286, 289 (1981).

By the provisions of the leases executed by them, the commissioners have rendered moot the issues they seek to raise on appeal. If, in spite of their obligation under G. L. c. 29A, § 4, to lease the premises to the judicial branch, the commissioners should undertake in the future to implement a "pay-for-parking" plan, it is unlikely that any issue the commissioners seek to raise in this appeal would arise in the same form. The appeal must be dismissed as moot.

---

[1] Eugene Dawkins *vs.* County Commissioners of Barnstable.

The judgment is vacated with the notation that the decision is not on the merits and the case is remanded to the Superior Court with directions to dismiss the action. The plaintiffs are to be allowed their costs of appeal.

*So ordered.*

*David W. Pyne* (*Steven J. Pizzuti* with him) for the defendants.
*Jerome Doyle* for Eugene Dawkins.
*Steven S. DeYoung*, pro se.